SARAGOSA INDEPENDENT SCHOOL DIST. NO. 3 v. COUNTY SCHOOL TRUSTEES OF REEVES COUNTY et al.

No. 2729.

Court of Civil Appeals of Texas. El Paso.

Oct. 20, 1932.

Rehearing Denied Nov. 10, 1932.

Howard & Jackson, of El Paso, for appellant.

Hubbard & Kerr, of Pecos, for appellees.

WALTHALL, J.

The Saragosa independent school district No. 3, of Reeves county, filed this suit in the district court of Reeves county, against the Balmorhea independent school district No. 4, of Reeves county, the county school trustees of Reeves county, the tax assessor, and the tax collector of Reeves county, alleging that such county school trustees had theretofore entered an order changing the boundary line between said two independent school districts so as to transfer ten sections of land from appellant Saragosa independent school district and place said sections of land in appellee Balmorhea independent school district, and caused said order to be certified to the county clerk of Reeves county.

Appellant further alleged that appellee county school trustees of Reeves county were without authority to make such order, and prayed that same be held null and void, and that appellees and each of them be perpetually enjoined and restrained from enforcing said order.

Appellees answered, admitting, in effect, that the county school trustees, upon the presentation to such trustees of a proper petition, and after hearing and duly considering same and hearing the evidence from all parties, was of the opinion that said boundary line of said two school districts should be changed, as petitioned, and that said county school trustees had entered such order as alleged. Appellee answered further, and to which appellant filed a supplemental petition, but we think such further issues are immaterial to the ultimate issue to be determined, and we need not state such issues.

The case was tried to the court without a jury upon an agreed statement of facts, upon which judgment was rendered that appellant, Saragosa independent school district, take

nothing by its suit, and denied the injunction prayed for, from which judgment and order appellant duly prosecutes this appeal.

### Opinion.

The only question we think to consider is whether the county board of trustees had the power and authority under the statutes to change the boundary line between the two independent school districts as it undertook to do.

Appellant, Saragosa independent school district, submits that the authority to change the boundary line between the two independent school districts is, under the statute, resident in the county commissioner's court only, while appellee contends that the authority to make such change is in the county board of trustees, and not in the commissioners' court.

No question is made but that, under the agreed statements of facts, the county board of trustees or the commissioners' court in this proceeding could properly make the change in the boundary line between the two school districts, and we will assume, without considering the facts, that one or the other, as it had the authority, could properly make the change as was made.

There has been, as the law formerly was, a conflict in the holdings of our courts regarding the question of the authority of the county board of trustees and the commissioners' court to change the boundary line of independent school districts. We think it would be more confusing than enlightening to review the several holdings of the courts under the several articles of the statute as they formerly read. The First Called Session of the Forty-First Legislature (1929), however, by chapter 47, p. 106, (Vernon's Ann. Civ. St. art. 2742f and note), no doubt having in mind the confusion then existing as to where the authority should lie to detach territory from one school district and attach it to another, by section 1 of said chapter (Vernon's Ann. Civ. St. art. 2742f, § 1), provides: "In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts."

Then follow in the same section the provisions which authorize the change in the boundary of the school districts to be made. Section 1 of chapter 47 above was amended by chapter 140, Forty-Second Legislature (1931), Reg. Sess., by section 1a (Vernon's Ann. Civ. St. art. 2742f, § 1a), and, while more specific in stating the conditions and provisions under which changes may be made in boundary lines between common and independent school districts, the authority to make changes is given to the county board of trustees.

Appellant in oral argument stated, and in its brief states: "This cause is before this court on one question, and that is, whether or not the County Board of Trustees had authority under the law to change the boundary line between the Saragosa and Balmorhea Independent School Districts."

The above provision of the statute was in effect at the time the county board of trustees took the action complained of. The above express provision of the law was evidently enacted to more clearly state the law than it formerly was stated, thus giving to the county board of trustees the authority to detach territory from any contiguous district, common or independent, and which provision leaves no room for controversy as to the authority of the county board of trustees, where all the conditions are present which authorize any change to be made, and which we must assume were present in this case.

Finding no reversible error, the case is affirmed.